UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                    :
ROY SICULAR,                                        :
                                                    :   **<u>ORDER ADOPTING</u>**
                            Plaintiff,                 :   **<u>REPORT AND</u>**
                                                      :   **<u>RECOMMENDATION</u>**
       -against-                            :
                                                    :   09 Civ. 981 (AKH)(AJP)
N.Y.C. DEPARTMENT OF HOMELESS SERVICES,  :
CARROL DAVID, MARIA RODRIGUEZ, and       :
RAYMOND RAMOS,                               :
                                                    :
                               Defendants.             :
------------------------------------------------------------------------ x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        By order of Judge Gerard E. Lynch, dated February 25, 2009, pre-trial proceedings in this case were referred to the Hon. Andrew J. Peck, USMJ. In this capacity, defendants' motion for summary judgment, following discovery, came before Judge Peck. Judge Peck recommends that defendants' motion be granted. His Report and Recommendation, issued on February 4, 2010, is set out in a careful and comprehensive 64-page opinion.

        In the meantime, responsibility for the case was transferred from Judge Lynch to me. After Judge Peck issued his report and recommendation, Mr. Sicular requested, and was granted, an extension of time to file objections. He filed objections on March 19, 2010.

        "To accept the report and recommendation of a magistrate to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the record." <u>Nelson v. Smith</u>, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "However, when a party makes only conclusory or general objections, or simply reiterates his original arguments,

the Court reviews the Report and Recommendation only for clear error." Renelique v. Doe, No. 99 Civ. 10425 (LTS), 2003 WL 23023771, at *1 (S.D.N.Y. Dec. 29, 2003). "Parties filing objections to recommendations are required to "'pinpoint' specific portions of the report and recommendations to which [they] objec[t] . . . ." Id. (quoting Camardo v. General Motors Hourly-Rate Employees Pension Plan, 806 F.Supp. 380, 382 (W.D.N.Y. 1992).

Mr. Sicular raises three primary objections to Judge Peck's Report and Recommendation. He argues (1) that his termination was not due to insubordination, (2) that he did not make any disparaging comments about other races and ethnicities, and (3) that other probationary fraud investigators with worse time and leave records were not terminated.

Mr. Sicular raised these arguments before Judge Peck and, as Judge Peck properly held, they are without merit.

Mr. Sicular admitted that he was late on multiple occasions, see Deposition of Roy Sicular at 103:6-12 ("Sicular Dep."), annexed at Ex. B. to Declaration of Assistant Corporation Counsel Rebecca Rachel Hirschklau in Support of Defendants' Motion for Summary Judgment ("Hirschklau Decl."), that he made disparaging comments regarding the driving ability of foreign workers, see Affidavit of Roy Sicular ¶ 2, annexed at Ex. F to Hirschklau Decl.; Sicular Dep. at 53:25-56:1, 79:5-80:17, and that he distributed to his co-workers personal comments denigrating the Department of Homeless Services, Sicular Dep. at 61:23-63:9, 103:16-22. In his objection to Judge Peck's Report and Recommendation, Sicular again admits to making offensive comments but argues that they were taken out of context. Sicular's attempt to argue that his behavior was benign does not overcome the evidence establishing that his termination was due to insubordination. The record establishes that he

offended co-workers and supervisors, and was warned of the consequences on multiple occasions.

Finally, Judge Peck properly found that the three co-workers to whom Mr. Sicular compares himself in an attempt to show that his termination was the result of racial discrimination were not similarly situated. In his objection, Mr. Sicular argues, as he did before Judge Peck, that these other employees had worse time and leave records but were not terminated. As discussed above, and as Judge Peck found, Mr. Sicular's termination was not only a result of his lateness, but also of his inappropriate and offensive behavior.

After reviewing the record, the parties' submissions to Judge Peck, Judge Peck's Report and Recommendation and the objections filed by Mr. Sicular with me, I find that Mr. Sicular's objections are baseless and that Judge Peck's report is without clear error.

I adopt Judge Peck's recommended findings and conclusions. Accordingly, Defendants' motion for summary judgment is granted. Plaintiff's pending motion to amend his complaint to increase the amount of damages asserted is denied as moot. The Clerk shall mark the motions (Doc. Nos. 27 and 34) as terminated and the case as closed.

SO ORDERED.

Dated:  May 28, 2010
        New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge